**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| LINDA S., | ) |
|               PLAINTIFF | ) |
| v. | ) CIVIL NO. 2:18-CV-224-DBH |
| ANDREW M. SAUL, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) |
|               DEFENDANT | ) |

## ORDER ON MOTION FOR ATTORNEY FEES AND MOTION FOR EXTENTION OF TIME *NUNC PRO TUNC*

This is a case in which the plaintiff's lawyer prevailed against the Commissioner in this court, and then on remand obtained full benefits at a new administrative hearing. Her lawyer subsequently requested this court's approval (as 42 U.S.C. § 406(b) requires) of his fees accrued before this court pursuant to a contingent fee agreement. Pl. Mot. for Att'y Fees (ECF No. 20). In response, the Commissioner stated that he had no objection to the merits or amount of the attorney fees claim, but objected on the basis that the request was untimely (about two weeks late) under this court's Local Rule 54.2. Def. Response (ECF No. 21). (The statute itself has no deadline.) The plaintiff then filed a motion for a *nunc pro tunc* extension of time so that the fee request would be timely under the Local Rule. Pl. Mot. to Extend Time *Nunc Pro Tunc* (ECF No. 24). The Commissioner's lawyer has told the Clerk's Office that the Commissioner takes no position on the *nunc pro tunc* motion.

The *nunc pro tunc* motion is **GRANTED**. I am grateful to the Commissioner's lawyer for flagging the late filing. It is an important reminder to all lawyers who represent social security disability or SSI plaintiffs. But as the Commissioner says, he has no direct stake in the controversy since any fees will come not from the Commissioner, but from the plaintiff herself as she agreed to in the contingent fee agreement. In this case, the court's administration of the case and its docket also has not been affected by the plaintiff's lawyer's delay.

I reiterate the court's warning in 2010 that failure to file attorney fee petitions on time can result in forfeiture of the fees. Richardson v. Astrue, 2010 WL 2927269, at *4 (D. Me. July 20, 2010), R.&R. adopted, No. 2:07-cv-62-DBH (D. Me. Aug. 9, 2010) (ECF No. 28); Reer v. Astrue, 2010 WL 2927255, at *4 (D. Me. July 20, 2010), R.&R. adopted, 2010 WL 3168266 (D. Me. Aug. 10, 2010). Here, however, given the absence of any prejudice and the shortness of the delay, rejecting the fee request would be an unnecessary penalty.

Accordingly, the motion for extension of time is **GRANTED**. That being the case, there is no opposition to the underlying motion for fees, which will be granted once the parties present the conventional order to that effect, including the provision that the plaintiff's lawyer shall remit to the plaintiff the attorney fee he previously received under the Equal Access to Justice Act.

**SO ORDERED.**

**DATED THIS 17TH DAY OF SEPTEMBER, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**